UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELISSA R. WESTLUND, )<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>ANDREW SAUL, )<br>Commissioner of the )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 3:19-CV-655-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Melissa Westlund on August 21, 2019, and Plaintiff's Opening Brief [DE 16], filed March 2, 2020. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On April 10, 2020, the Commissioner filed a response, and Plaintiff filed her reply on April 24, 2020.

**I.  Background**

On September 22, 2016, Plaintiff filed an application for benefits alleging that she became disabled on October 2, 2013. Plaintiff's application was denied initially and upon consideration. On July 9, 2018, Administrative Law Judge ("ALJ") James MacDonald held a hearing at which Plaintiff, along with an attorney and a vocational expert ("VE"), testified. On September 20, 2018, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2. The claimant did not engage in substantial gainful activity since August 11, 2016, the alleged onset date.

1

2

3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine; diabetes mellitus; hypertension; lupus; fibromyalgia; neuropathy; and asthma.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525 and 404.1526).

5. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) except the claimant can occasionally climb stairs and ramps, but cannot climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, kneel, crouch, and crawl. The claimant is limited to occasional overhead reaching with bilateral upper extremities but is capable of frequent reaching in all other directions. The claimant is capable of frequent handling and fingering with bilateral upper extremities. The claimant will need to alternate between sitting and standing every twenty minutes but will remain on task. The claimant is limited to occasional exposure to dust, fumes, odors, gases, and poor ventilation. The claimant can have no exposure to extreme cold, extreme heat, wetness, or humidity as part of her job duties.

6. The claimant is unable to perform any past relevant work.

7. The claimant was a younger individual age 18-44 on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 2, 2013, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. [DE 11]. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II.     Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence, or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court

may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ erred in three areas: that the ALJ erred in the subjective symptom analysis; that the ALJ erred in evaluating the opinion evidence; and that the ALJ erred in the RFC and subsequent hypotheticals to the VE.

Plaintiff first argues that the ALJ erred in evaluating her subjective symptoms. The ALJ found that Plaintiff's "clinical signs do not fully support her allegations of disability." AR 22. The ALJ supported this by noting that the record indicates that she was not in acute distress, had 5/5 muscle strength, could ambulate with a normal gait, had no sensory problem, and her breathing was normal. AR 22. The ALJ also noted Plaintiff's "mostly routine and conservative treatment." AR

4

23. As to her pain, the ALJ noted that she did not undergo surgery, that she was doing well overall on her medication, and at one visit she did not complain of back pain. AR 21. Plaintiff asserts that the ALJ failed to properly consider her allegations of pain, fatigue, and temperature sensitivity. She argues that the ALJ improperly relied on a lack of objective evidence without considering how her symptoms might impact her ability to work full-time. Specifically, she argues that fibromyalgia symptoms cannot be discredited solely by relying on objective medical evidence.

When assessing subjective symptoms, the ALJ must consider a claimant's statements about her symptoms, such as pain, and how the symptoms affect her daily life and ability to work. *See* 20 C.F.R. § 404.1529(a); SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304. The ALJ is not permitted to

> [m]ake a single, conclusory statement that "the individual's statements about his or her symptoms have been considered" or that "the statements about the individual's symptoms are (or are not) supported or consistent." . . . The decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the ALJ evaluated the individual's symptoms.

SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304 at *9. "[T]he absence of objective medical corroboration for a complainant's subjective accounts of pain does not permit an ALJ to disregard those accounts." *Ghiselli v. Colvin*, 837 F.3d 771, 777 (7th Cir. 2016); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) ("[T]he ALJ erred in rejecting [the plaintiff]'s testimony on the basis that it cannot be objectively verified with any reasonable degree of certainty. An ALJ must consider subjective complaints of pain if a claimant has established a medically determined impairment that could reasonably be expected to produce the pain.") The Court will only overturn an ALJ's subjective symptom determination is it if "patently wrong." *Elder v. Astrue*, 529 F.3d 408, 413-14 (7th Cir. 2008).

5

The Court of Appeals for the Seventh Circuit has recognized that often objective evidence cannot indicate the severity of fibromyalgia. *See Vanprooyen v. Berryhill*, 864 F.3d 567, 572 (7th Cir. 2017) (finding that fibromyalgia cannot be measured with objective tests). The severity of fibromyalgia symptoms may be evaluated based on a claimant's subjective statements in the absence of objective medical evidence. *See* SSR 12-2p, 2012 SSR LEXIS 1; SSR 16-3p, 2016 SSR LEXIS 4. In this case, the ALJ offered no reason as to why the objective evidence cited to in the decision indicates the severity of Plaintiff's fibromyalgia or lupus. Plaintiff testified to having trouble lifting over five pounds due to her neuropathy and weakness. AR 37. She testified to being in enough pain to cause her to cry getting out of bed. AR 41. She stated that her lupus caused pain in her upper body, and the neuropathy caused pain in her legs and feet. AR 42. Plaintiff stated that she needs to sit in a reclined position for an hour about four times a day. AR 47. She stated that she could only stand for about 20 minutes at a time before having to sit down. AR 49. She regularly complained to doctors of pain in her joints, occasional generalized weakness, and numbness and tingling in her hands and feet. AR 557-58, 560-62, 570, 606, 614, 616, 622, 630, 639, 643, 645, 690, 695, 700, 704, 708, 712, 717, 732, 746. She reported to doctor that her pain is migratory, and that not every area hurts at the same time. AR 639, 717.

In her function report, Plaintiff stated that she spends most of her day on the couch and cannot manage to even clean one room in a day. AR 194. She reported needing help cleaning. AR 195. She also stated that she can only prepare simple frozen meals once or twice a week, and that she needs to frequently sit while she cooks. AR 196. Plaintiff reported that on some days, she can fold laundry and try to clean, but that she needs to take frequent breaks. AR 196. She stated that she is capable of letting her dogs in and out during the day but that she can no longer care for her chickens. AR 197. She reported that she doesn't have many "less pain days," that it hurts to move,

and that she can't sit or stand for too long. AR 199. She stated that stress aggravates her pain. AR 200.

The ALJ did not fully take into account Plaintiff's complaints of pain. First, the ALJ erred in relying on a single medical report finding that Plaintiff had no back pain. The record is full of Plaintiff's complaints of pain all over her body; however, the ALJ chose to rely on one note from June 2018 to show that Plaintiff didn't suffer from pain on the level she alleged. Furthermore, the doctor's visit he relied on was for allergies and a refill of medication, AR 758, 760, but the ALJ did not consider the possibility that pain was not discussed at an appointment intended to address allergy relief. The ALJ referred to a single appointment in support of his conclusion, but ignored the notes from numerous other appointments spanning the relevant time period that included multiple complaints of pain. Moreover, Plaintiff stated that the pain was migratory, so a single note showing no back pain does not indicate that she never experienced back pain. AR 639, 717.

The ALJ also relied on two other single visit notes in support of his conclusion, pointing out that Plaintiff was doing extremely well overall in October 2017 and that on another date she was doing well on her current medication. AR 21. What the ALJ ignored is that on the same visit that Plaintiff was said to be doing "extremely well overall," she also complained of aching and pain, although overall better than her previous visit. AR 732-33. The ALJ's note that "she was doing well on her current mediation" referred to a single note with verbiage that was repeated throughout the medical record as part of the contract for her pain management. It was not indicative of her pain levels or of her medication effectiveness, as the same language was found even in pain management records from visits at which she required medication changes. For example, at one management visit Plaintiff noted that her medication was wearing off too soon so that she had to take Tylenol in between doses, AR 704, but despite the required medication change, the visit notes also stated that

7

Plaintiff was doing well on the current medication plan. AR 707. This boilerplate language existed in every note from the pain management doctor. In fact, at the visit cited by the ALJ, Plaintiff complained of constant pain in her entire body, but particularly in her bilateral shoulders, low back, and arms. AR 690.

The ALJ failed to acknowledge the frequent pain management medication changes, the number of pain medications Plaintiff was on, and the trouble she had completing her activities of daily living. The ALJ also failed to explain how full muscle strength contradicts waxing and waning pain in tender points and failed to explain how Plaintiff's degenerative disc disease in combination with her fibromyalgia and lupus pain corroborates her allegations of pain. The ALJ asserted that Plaintiff's treatment has been conservative for the most part; however, medication-only treatment plans are not necessarily conservative. *See Huber v. Berryhill*, 732 F. App'x 451, 456 (7th Cir. 2018) ("The absence of recommendations for back surgery or narcotics does not suggest that [the claimant's] treatment was necessarily conservative."). Plaintiff was prescribed strong pain medications throughout her treatment, such as Gabapentin 600 mg three times daily, Norco, Percocet every four to six hours, oral steroids, Norflex (a muscle relaxer used for pain), orphenadrine, and meloxicam. AR 695-96, 698, 705-06. "Persistent attempts to obtain relief of symptoms, such as increasing dosages and changing medications . . . may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent." SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304 at *8; *see Scrogham v. Colvin*, 756 F.3d 685, 701 (7th Cir. 2014) (holding that evidence of a claimant's willingness to "take powerful mediation – and that physicians were willing to prescribe this course of treatment – reflects that [his] symptoms caused him real problems").

Moreover, the state agency physicians concluded that Plaintiff's statements about the

8

intensity, persistence, and functionally limiting effects of her pain and weakness were substantiated by the objective medical evidence alone. AR 66, 80. While the ALJ was not required to accept the doctors' conclusion as to those symptoms, he needed to consider it. SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304 at *7 ("State agency medical and psychological consultants . . . may offer findings about the existence and severity of an individual's symptoms . . . Adjudicators at the hearing level or at the Appeals Council level must consider the findings from these medical sources even though they are not bound by them."). The ALJ did not properly consider Plaintiff's subjective symptoms, especially her pain caused by fibromyalgia, lupus, and neuropathy.

This matter is being remanded due to the ALJ's errors in evaluating Plaintiff's subjective symptoms. Plaintiff also argues that the ALJ made other errors. On remand, the ALJ is directed to consider all of the medical evidence and opinions in the record. The ALJ should fully consider each of Plaintiff's alleged impairments, alone and in combination, and provide a logical bridge from the evidence to his conclusion.

Plaintiff requests reversal with remand for an award of benefits. An award of benefits is appropriate only if all factual issues have been resolved and the records supports a finding of disability. *Briscoe*, 425 F.3d at 356. Given the ALJ's error in analyzing the subjective symptoms, the factual issues have not been resolved, and remand for benefits is not appropriate here. *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993) ("the record is not so clear that we can award or deny benefits on appeal"). On remand, the ALJ is instructed to fully consider Plaintiff's subjective symptoms, specifically with regard to her pain and weakness caused by fibromyalgia, neuropathy, and lupus. The ALJ must analyze Plaintiff's subjective symptoms as defined by SSR 16-3p, 2016 LEXIS 4, including her complaints of pain and the measures taken to relieve that pain. *See* 20 C.F.R. §404.1529(a); SSR 16-3p, 2016 SSR LEXIS 4, 2017 WL 5180304.

## IV.     Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Brief [DE 16] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 25th day of February.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record